IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON  DIVISION

DERWIN ROGERS, #L2701                                                      PLAINTIFF

VS.                                                     CIVIL ACTION NO.  3:04cv557HTW-JCS

JAMES NEWMAN, FRANKLIN COUNTY
JOHN STOLL                                                                 DEFENDANT

## JUDGMENT

This matter was called for trial on September 29, 2008.  The defendants, and each of them, appeared and announced ready, the plaintiff appeared and requested that the matter be continued.  The Court was advised by the plaintiff, Derwin Rogers, that a key witness to his case was unavailable and upon this requested that the matter be continued.  That witness is the wife of Derwin Rogers, a Mrs. Donna Rogers, and the Court was informed that her employer would not allow her to be available at this time and this formed the basis of a request for continuance.  The Court requested phone numbers of the employer of Donna Rogers and stood this matter adjourned until September 30, 2008, at which time he could verify the plaintiff's request.

On September 30, 2008, the defendants, and each of them, appeared ready for trial, and the plaintiff renewed his request to continue the matter.  The Court, however, announced in open Court that he had contacted the employer of Mrs. Donna Rogers, and that the Court was informed that Mrs. Rogers had not requested time off to attend the trial.

The plaintiff admits that he had not subpoenaed Mrs. Rogers, and it was further announced in court that he had not verbal communication with is wife for a period of some years and, in fact, to the Court's satisfaction appears that the witness was represented to have been in South Carolina and had no intention of appearing on behalf of the plaintiff.  Therefore, the

failure to compel or otherwise obtain the attendance of his witnesses lies squarely with the plaintiff, and when his motion for continuance was denied, he was asked whether he wished to proceed to go forward and announced that he could present no evidence.  The Court advised the plaintiff of the impact of electing to dismiss at this time, indicating specifically that this matter would be barred by the statute of limitations, and which the plaintiff acknowledged his understanding and still voluntarily elected not to proceed.

Therefore, it is hereby ordered and adjudged that this matter is dismissed.

SO ORDERED this the 30th day of September, 2008.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE


CIVIL ACTION NO.  3:04cv557HTW-JCS
Judgment of Dismissal